W. Charles Smithson, Legal Counsel Kansas Commission on Governmental Standards and Conduct 109 W. 9th, Suite 504 Topeka, Kansas 66612
Dear Mr. Smithson:
As legal counsel for the Kansas Commission on Governmental Standards and Conduct, you request our opinion regarding whether officers and employees of Kansas, Inc. and the Kansas Technology Enterprise Corporation (KTEC) are subject to K.S.A. 46-215 et seq.
Specifically, you ask whether Kansas, Inc. and KTEC constitute state agencies under the act.
Pursuant to K.S.A. 46-254, the Kansas Commission on Governmental Standards and Conduct (Commission) may, upon its own initiative or upon request of a person to whom K.S.A. 46-215 et seq. apply, render a written opinion concerning interpretation of K.S.A. 46-215 et seq. See K.S.A. 46-253. On June 9, 1987, the Public Disclosure Commission, forerunner of the Kansas Commission on Governmental Standards and Conduct, issued Public Disclosure Commission Opinion No. 87-16 regarding applicability of K.S.A. 46-215 et seq. to officers and employees of Kansas, Inc. and KTEC. Relying in part on provisions contained in 1987 House Bill No. 2582, codified at K.S.A. 74-8012 (Ensley) and 74-8113 (Ensley), the Commission determined the following: (1) the presidents and employees of Kansas, Inc. and KTEC were not subject to the provisions of K.S.A. 46-215 et seq.; (2) members of Kansas, Inc. were not subject to the conflict of interest laws contained in K.S.A. 46-215
et seq., but members whose appointments were subject to Senate confirmation were required to file statements of substantial interests; and (3) members of KTEC were subject to the conflict of interest laws and were required to file statements of substantial interests. In an opinion issued to a law firm providing legal services for KTEC, the Public Disclosure Commission stated:
 "The substantial interest statement must be filed by general counsels' of State agencies. However, in Opinion No. 87-16, this Commission determined that KTEC did not meet the definition of State agency for the purposes of K.S.A. 46-215 et seq. Thus, this statement does not apply to your firm or its individual attorneys." Public Disclosure Commission Opinion No. 90-4 (emphasis added).
In 1995 the statutes regarding establishment of Kansas, Inc. and KTEC were amended, resulting in the deletion of the provisions relied upon by the Commission in making its determination expressed in Public Disclosure Commission Opinions No. 87-16 and 90-4. See L. 1995, Ch. 255, §§ 4, 6.
For purposes of K.S.A. 46-215 et seq., "state agency" is defined as:
 "[T]he legislature, legislators, legislative committees and councils and all executive departments, institutions, offices, officers, commissions, boards and authorities of the state, but does not include municipalities and other political subdivisions." K.S.A. 46-224.
While statutes regarding establishment of Kansas, Inc. and KTEC have been amended, the definition in K.S.A. 46-224 has remained relatively unchanged since its enactment in 1974. See L. 1974, Ch. 353, § 10. Contrary to the above-quoted statement in Public Disclosure Commission Opinion No. 90-4, Public Disclosure Commission Opinion No. 87-16 did not address whether these entities were "state agencies," but rather focused only on whether the members, officers, and employees were "state officers or employees" for purposes of compliance with K.S.A. 46-215 et seq. Kansas, Inc.
Kansas, Inc. is "a body politic and corporate" constituted as a public instrumentality, the exercise of whose authority and powers "shall be deemed and held to be the performance of an essential governmental function." K.S.A. 1996 Supp. 74-8001. Kansas, Inc. serves several purposes, among which is to "serve in an advisory capacity to the Kansas department of commerce and housing." K.S.A. 1996 Supp. 74-8002. It consists of 17 members: the Governor; the Secretary of Commerce and Housing; the Commanding General of the Kansas Cavalry; one member appointed by the Kansas Board of Regents; the Speaker of the House of Representatives, the House Minority Leader, the President of the Senate, and the Senate Minority Leader, or designated agents thereof; and nine members appointed by the Governor and subject to confirmation by the Senate. Id. The members are entitled to compensation at the rates established pursuant to K.S.A. 75-3223.
K.S.A. 1996 Supp. 74-8003.
Kansas, Inc. is authorized to hire a person to serve as Chief Executive Officer and President of Kansas, Inc., the selection of whom is subject to approval by the Governor.
K.S.A. 1996 Supp. 74-8005. The President "[m]ay employ and terminate such other employees as designated by the members of Kansas, Inc." Id. All officers and employees of Kansas, Inc. are included in the unclassified service under the Kansas Civil Service Act.
K.S.A. 1996 Supp. 74-8005; 75-2935. Prior to December 17, 1995, the President of Kansas, Inc. and its employees were not covered by the Kansas Civil Service Act, and were to be considered state employees only for certain specific purposes. See L. 1995, Ch. 255, § 4. Likewise, Kansas, Inc. was to be considered a state agency only for specific purposes. Id.
KTEC
Like Kansas, Inc., KTEC is "a body politic and corporate" constituted as a public instrumentality, the exercise of whose authority and powers is deemed "to be the performance of an essential governmental function." K.S.A. 1996 Supp. 74-8101. The governing board of KTEC is composed of 20 directors. The directors are: the Governor or the Secretary of the Department of Commerce and Housing; the Secretary of the State Board of Agriculture; the Speaker of the House of Representatives, the House Minority Leader, the President of the Senate, and the Senate Minority Leader, or agents thereof; four persons appointed by legislative officers; and 10 persons appointed by the Governor and confirmed by the Senate. Id. The directors are entitled to compensation at the rates established pursuant to K.S.A. 75-3223. Id.
The directors of KTEC are authorized to select a person who shall be President and Chief Executive Officer of KTEC. K.S.A. 1996 Supp. 74-8101; 74-8105. The President "[m]ay employ and terminate such other officers and employees as designated by the board of directors." K.S.A. 1996 Supp. 74-8105. Prior to December 17, 1995, the President and all other employees of KTEC were considered to be state employees and KTEC was considered to be a state agency only for those purposes set forth in K.S.A. 74-8113 (Furse). Pursuant to K.S.A. 74-8113 (Furse), no officer or employee of KTEC was included within either the classified service or the unclassified service under the Kansas Civil Service Act. With enactment of L. 1995, Ch. 255, § 6, these provisions of K.S.A. 74-8113 (Furse) were repealed. See K.S.A. 1996 Supp. 74-8113. Pursuant to L. 1995, Ch. 255, § 5, 12, all officers and employees of KTEC were subsequently included in the unclassified service under the Kansas Civil Service Act. See K.S.A. 1996 Supp. 74-8105; 75-2935.
Kansas, Inc. and KTEC are established by state statutes. Both entities are bodies politic exercising essential governmental functions. Authority exercised by the entities is set forth in state statutes. Members of the governing boards automatically assume their positions on the boards due to their status as designated governmental officers or are appointed by designated governmental officers. Officers and employees of the entities are included within the Kansas Civil Service Act. Also, the Legislature amended the statutes in such a manner as to delete the provisions relied upon by the Commission in determining that officers and employees of these entities were not state officers and employees for purposes of K.S.A. 46-215 et seq. All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early Detection Center, Inc. v. Wilson, 248 Kan. 869,874 (1991). When the Legislature revises an existing law, it is presumed that the Legislature intended to change the law as it existed prior to the amendment. Galindo v. City of Coffeyville, 256 Kan. 455, 464-65
(1994).
Given these circumstances, it is the intention of the Legislature that Kansas, Inc. and KTEC constitute boards, commissions, or authorities of the State and are within the definition of "state agency" set forth in K.S.A. 46-224.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm